## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

In re:

TIFFANY ARNEACA LAMB,                    CASE NO.:  08-40895-LMK

Debtor.                                  CHAPTER:  7

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾/

TIFFANY ARNEACA LAMB,

   Plaintiff,

v.                                       ADV. PRO. NO.:  09-04011-LMK

HOUSEHOLD FINANCE CORPORATION
III, & ROLFE & LOBELLO, P.A.,

   Defendants.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾/

### ORDER ON DEFENDANT HOUSEHOLD FINANCE CORPORATION III, INC'S, MOTION TO DISMISS

THIS MATTER came before the Court for hearing on May 14, 2009, to consider Defendant Household Finance Corporation III's Motion to Dismiss (The "Motion to Dismiss," Doc.11). For the reasons stated more fully herein, the Motion to Dismiss is due to be GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

This adversary proceeding was filed by the Debtor, Tiffany Arneaca Lamb (The "Plaintiff" or "Debtor"), on March 18, 2009.  The Plaintiff alleges a multitude of claims for actual and statutory damages against Household Finance Corporation III ("HFC"), and its debt collection law firm Rolfe & Lobello, P.A. ("R&L"), arising from the purported wrongful garnishment of her wages.   Central to each allegation is a statement made by the Debtor in a one-page response filed in a state court action to recover a past due debt.

On April 10, 2007, R&L, on behalf of HFC, filed a complaint in the Circuit Court of the Second Judicial Circuit in and for Gadsden County, Florida (the "Main Action"), against the Plaintiff to collect the past due balance under a personal credit line account.  The Plaintiff filed the aforementioned response, which was attached as Exhibit A to the adversary complaint.  The response, in the form of a letter, did not contest any of the allegations in HFC's complaint and instead sought to explain the circumstances of her failure to pay the debt, and appeal to HFC for "another chance to make payment arrangements".  The gravamen of the Plaintiff's present adversary complaint is that this letter of response placed HFC on notice that her wages were exempt from garnishment since she was head of family and therefore she is entitled to damages for Wrongful Garnishment.  In pertinent part the response stated, "I Tiffany Lamb do not detest anything in the complaint filed against me and my grandmother," and,  "I started looking for part-time employment but being a single mother with kids it was difficult."   The Circuit Court entered summary final judgment for HFC in the Main Action on July 9, 2007.

HFC then moved to obtain a writ of garnishment and continuing garnishment (The "Garnishment Proceeding").  A Continuing Writ of Garnishment Against Salary or Wages was entered on August 28, 2007.  R&L filed a certificate of service indicating that it had served the Motion for Writ of Garnishment, the Writ of Garnishment, the Clerk's Notice to defendant, and the Claim of Exemption and Request for Hearing Form on the Plaintiff.  The Plaintiff contends that despite the certification, she never received either the Clerk's Notice to Defendant or the Claim of Exemption and Request for Hearing Form.  The Garnishee/Employer of the Plaintiff, Webb, Inc., filed its Answer to the Continuing Garnishment on September 25, 2007.  After no response was filed within twenty days by the Plaintiff, On October 25, 2007, a Judgment of Continuing Garnishment was entered against the Plaintiff.   The Continuing Garnishment was

stayed as a result of the Plaintiff's bankruptcy by the filing of a "Suggestion of Bankruptcy" in the Circuit Court.

The Motion to Dismiss by HFC seeks dismissal pursuant to Fed. R. Civ. P. Rule 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012, of Count I, a tort claim for actual damages resulting from Wrongful Garnishment, and Count III, a claim for actual and statutory damages, as well as attorneys fees and costs, for violation of the Florida Consumer Collection Practices Act. The Motion to Dismiss also seeks dismissal of all counts based upon the Plaintiff's lack of standing to bring this suit. While HFC's assertions that the Plaintiff lacked standing on her own to pursue this action were well founded when filed, the deficiencies have been cured since the Trustee filed a Motion for Joinder in this proceeding (Doc. 19). [1]

## II. DISCUSSION

Rule 12(b)(6) motions test the sufficiency of a pleading. An examination of the pleading under F.R.C.P. 12(b)(6) compels an examination of whether the pleader did what she was obligated to do under the federal pleading Rules, Rule 8 and Rule 9. *Heffernan v. Bass*, 467 F.3d 569, 599-600 (7th Cir. 2006) (noting that rule 12(b)(6) does not stand alone but implicated rules 8 & 9).

Under Rule 8(a)(2), a pleading that states a claim for relief must contain, "a short and plain statement showing that the pleader is entitled to relief." Liberal notice pleading requires that the allegations "possess enough heft" to establish an entitlement to relief and to permit the costly process of litigation to continue. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007). Thus, pleaders must allege sufficient facts to raise their claims beyond the level of speculation; instead they must "nudge their claims across the line from conceivable to plausible." *Id*. at 570; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

---

[1] Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and

A court considering a motion to dismiss may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 129 S.Ct. 1937, at 1950.

## Count I – Wrongful Garnishment

Count I of the Complaint inaccurately alleges as the only elements of wrongful garnishment, "(1) an absence of probable cause for such proceeding, and (2) the presence of legal malice." (Compl. ¶ 20). Contrary to the Plaintiff's assertions, the elements of wrongful garnishment under Florida law include: (1) the commencement or continuance of a writ of garnishment proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of legal malice therein; and (6) damage conforming to legal standards resulting to plaintiff. *Iowa Mut. Ins. Co. v. Gulf Heating & Refrigeration Co.*, 184 So.2d 705, 706 (Fla. 2d DCA 1966); *quashed on other grounds*, 193 So.2d 4 (Fla. 1966).

A pleader does not have to set forth legal theories, *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995), and pleading an incorrect legal theory is not necessarily fatal. *Williams v. Seniff*, 342 F.3d 774, 792 (7th Cir. 1995). In this case the Claim under Count I will survive a motion to dismiss, despite the incorrect characterization of the elements of wrongful garnishment, if the Plaintiff has demonstrated enough well-pled facts to plausibly give rise to an entitlement to relief.

In reviewing Count I, it is clear that the Plaintiff has made little more than threadbare recitals of a few of the elements and the support for these elements contained little more than conclusory statements couched as factual allegations.  After stating that the only elements required to prove Wrongful Garnishment are "(1) an absence of probable cause for such proceeding and (2) the presence of legal malice," the Plaintiffs only included two conclusory sentences for support.  One stated, "[b]ecause the Defendants were on notice that [the Plaintiff] was head of household, they lacked probable cause to pursue garnishment of her wages." The second stated, "legal malice 'may be inferred entirely from a lack of probable cause.'"  The final sentence concludes that "HFC & R&L have therefore wrongfully garnished $8,843.94 of [the Plaintiff's] wages."

Liberally construing the foregoing assertions, the factual allegations section of the Complaint, and Exhibit 1 to the Complaint, in the light most favorable to the Plaintiff, this court is able to conclude that the following are well-pled factual allegations for the purposes of this Motion to Dismiss:

- The Plaintiff filed a one page response to the Main Action which detailed the circumstances of her failure to pay the debt due to HFC.

- The response included a sentence which stated, "I started looking for part-time employment but being a single mother with kids it was difficult."

- HFC received the response from the Plaintiff in the Main Action.

- The trial court entered Summary Judgment in favor of HFC.

- HFC moved to obtain a writ of continuing garnishment.

- The Notice of Rights against Garnishment of Wages and Claim of Exemption Form was not received by the Plaintiff.

- The Plaintiff never agreed in writing to have her wages garnished.

- The trial court entered a Judgment of Continuing Garnishment against the Plaintiff.

- $8,843.94 was garnished from the Plaintiffs wages.

- The Plaintiff learned of her right to obtain an exemption from garnishment of wages in October 2008.

- This Bankruptcy was filed on December 11, 2008.

Having identified the foregoing, I now assume their veracity and determine whether they plausibly give rise to an entitlement for relief. Even if the Plaintiff's assertion that the only elements that are required to prove wrongful garnishment were lack of probable cause for the proceeding and legal malice, the facts above do not "nudge" the claims from conceivable to plausible" as is required by *Twombly* & *Ashcroft*.

The Plaintiff has not alleged sufficient facts to plausibly demonstrate that HFC lacked probable cause to pursue the garnishment. Neither party disputes the propriety of the judgment in the Main Action. Pursuant to Section 77.01, Florida Statutes (2009),"[e]very person who has… *recovered a judgment in any court against any person or entity* has a *right to a writ of garnishment*…." (emphasis added). Accordingly, the fact of the undisputed judgment entitled HFC to pursue execution by garnishment.

Although prior to 1967, the predecessor to section 77.03, Florida Statutes (2009), required a judgment creditor to affirmatively negate the garnishment-Defendant's ability to claim an exemption, the present version no longer requires any affirmative action on behalf of a creditor to negative the exemptions of a garnishment defendant before pursuing a writ of garnishment. *See* 1 STEPHEN B. RAKUSIN, FLORIDA CREDITORS' RIGHTS MANUAL §2.05[A][1][d] (2009) (noting that until 1967, a Garnishment Plaintiff's motion for a writ of garnishment had to affirmatively state that "the money or other things sought to be garnished were not due for the personal labor or services of the head of a family residing in Florida"); *Noland Co. Inc. v. Linning*, 132 So.2d 802 (Fla. 1st DCA 1961); 1967 Laws of Florida, Chap. 67-254, § 27

(expressly providing that a motion for writ of garnishment, "*shall not be verified or negative the defendant's exemptions.*" (emphasis added));.   As a result of this change the Florida Statues no longer require any affirmative action on behalf of HFC to negative an exemption on behalf of the Plaintiff when seeking to pursue a garnishment action.  The obligation to claim and prove entitlement to the exemption is now rightfully on the Defendant in the garnishment action.  *In re Parker*, 147 B.R. 810 (Bankr. M.D. Fla. 1992).  Thus, the fact that the Plaintiff filed a letter of response in the Main Action indicating that she was a "single mother with kids" did not negate HFC's probable cause to file the garnishment proceeding.

Even if I were to determine that HFC lacked probable cause to pursue the garnishment proceeding, the Plaintiff has not alleged sufficient facts to plausibly demonstrate that the garnishment proceeding was bona fide terminated on its merits in favor of the present plaintiff. As noted supra at page four (4), one of the required elements to bring for forth a tort claim for wrongful garnishment is that the earlier garnishment proceeding was "bona fide terminated in favor of the present plaintiff." *Iowa Mut. Ins. Co.*, 184 So.2d at 706; *Huckabee v. PIC Investigations Corp*, 296 So.2d 592, 593 (Fla. 3d DCA 1974) (upholding dismissal of wrongful garnishment action in part because prior proceeding was not terminated in favor of the present plaintiff); See also *Dynatronics Inc. v. Knorr*, 247 So.2d 70 (Fla. 2d DCA 1971) (weighing sufficiency of a dissolution of garnishment in favor of the alleged debtor in order to determine whether to allow subsequent suit for improper garnishment). A bona fide termination exists where a dismissal indicates the innocence of the original defendant (the current Plaintiff).  If the termination is on procedural grounds, it does not constitute a bona fide termination. *Cohen v. Corwin*, 980 So.2d. 1153, 1156 (Fla. 4th DCA 2008); *Doss v. Bank of America, N.A.*, 857 So. 2d 991, 995 (Fla. 5th DCA 2003).

In this case, the garnishment proceeding was stayed only by the filing of a "Suggestion of Bankruptcy" in the Circuit Court. A "suggestion" is "a statement, formally entered on the record, of some fact or circumstance which will materially affect the further proceedings in the cause, or which is necessary to be brought to the knowledge of the court in order to its right disposition of the action, but which, for some reason, cannot be pleaded." BLACK'S LAW DICTIONARY (8th ed. 2004). A "Suggestion of Bankruptcy" in is merely "a pleading by which a party notifies the court that the party has filed for bankruptcy and that, because of the automatic stay provided by the bankruptcy laws, the court cannot take further action in the case." BLACK'S LAW DICTIONARY (8th ed. 2004). Failure to halt state court litigation would subject the creditor to potential liability for contempt, sanctions, actual and compensatory damages, attorney's fees, and if appropriate punitive damages. *In re Briskey*, 258 B.R. 473 (Bankr. M.D. Ala. 2001); *In re Belcher*, 189 B.R. 16 (Bankr. S.D.Fla. 1995); *In re Mitchell*, 66 B.R. 73 (Bankr. S.D. Ohio 1986); *In re Elder*, 12 B.R. 491 (Bankr. M.D.Ga. 1981). The filing of the "Suggestion of Bankruptcy" in no way terminated the state court action in favor of one party over the other, or in any way passed upon the merits of the action.

In conclusion, the Plaintiff has failed properly identify the elements of the common-law tort claim for wrongful garnishment under Florida law, and her well-pled nonconclusory factual allegations have not "nudged" her claim "across the line from conceivable to plausible." At least one element, the element of bona fide termination, has not been asserted cannot be proven to have occurred, and accordingly Claim I does not state a claim on which relief may be granted.

### Count III – Violation of the Florida Consumer Collection Practices Act

In Count III, the Plaintiff alleges that HFC and R&L violated section § 559.72(9), Florida Statutes (2009), otherwise known as the Florida Consumer Collection Practices Act ("FCCPA"). A violation of this section requires proof that a person, "claim, attempt, or threaten to enforce a

debt when such person knows that the debt is not legitimate or asserts the existence of some

other legal right when that person knows that the right does not exist."

As support, the Plaintiff makes the conclusory statement that, "[HFC & R&L] knew that

they did not have a right to garnish [Plaintiff's] wages." (Compl. ¶ 32).  This statement, without

any further factual support, is merely a bare assertion that the elements of this cause of action

have been met.  Such an assertion is not entitled to the assumption of truth.  *Twombly*, 550 U.S.

at 555;  *Ashcroft*, 129 S.Ct. 937, at 1950.  Although Rule 9 allows "knowledge" to be pled

"generally," "'generally' is a relative term.  In the context of Rule 9, it is to be compared to the

particularity requirement applicable to fraud or mistake.  Rule 9 merely excuses a party from

pleading… under an elevated pleading standard.  It does not give him license to evade the less

rigid-though still operative strictures of Rule 8.  *See* 5A C. WRIGHT & A. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 1301, p. 291 (3d ed. 2004). ('[A] rigid rule requiring the detailed

pleading of a condition of  mind would be undesirable because, absent overriding considerations

pressing for a specificity requirement, as in the case of averments of fraud or mistake, the general

'short and plain statement of the claim' mandated by Rule 8(a)… should control the second

sentence of Rule 9(b).') And Rule 8 does not empower respondent to plead the bare elements of

his cause of action, affix the label 'general allegation,' and expect his complaint to survive a

motion to dismiss." *Ashcroft*,129 S.Ct. 937, at 1954.

With regard to the FCCPA, the use of the word "knows" requires actual knowledge of the

impropriety or overreach of a claim.  The FCCPA requires an allegation of knowledge or intent

by the debt collector in order to state a cause of action.  *Kaplan v. Assetcare, Inc., et al.*, 88

F.Supp. 2d 1355, 1363 (S.D. Fla. 2000).  The Plaintiff must plead some basic facts to support its

conclusory allegations of knowledge or intent, and this Court will not enter a judgment under the

FCCPA without more than the conclusory allegations of the plaintiff.  *In re Cooper* 253 B.R. 286 (Bankr. N.D. Fla. 2000).

To the extent that the Plaintiff's conclusory recitation of the elements may have been attempting to assert that the one-sentence statement inside of the response letter in the Main Action case-file (from which a valid and undisputed judgment issued), provided the Defendants with knowledge that the Plaintiff was head of family, that such knowledge of Plaintiff's status as head of family extinguished the right to later pursue execution through garnishment against the Plaintiff,  and that therefore the garnishment action against the Plaintiff was a knowing attempt to enforce a debt in violation of the FCCPA, that claim must fail as a matter of law for two reasons.  First, the one-sentence statement in the response letter, "I started looking for part-time employment but being a single mother with kids it was difficult," did not conclusively establish that the Plaintiff was "providing more than one-half of the support for a child or other dependant," as is required to be identified as head of family under section 222.11(1)(c).  Second, even if the Defendants knew that the Plaintiff might qualify as head of family, such knowledge did not bar the exercise of the Defendant's right to pursue garnishment.  "[Chapter 77] sets forth the procedure for garnishment.  It provides no procedure for the prior determination of head of family before the issuance of a writ of garnishment." RACHEL CREWS, CREDITORS' AND DEBTORS' PRACTICE IN FLORIDA, CD FL-CLE  6-1(§6.25) (2007).  Although an earlier version of the Florida Statutes required the garnishor to make an assertion that a claim of exemption was not available by the defendant, such a requirement was expressly eliminated in 1967. *See* RAKUSIN, *supra* at §2.05[A][2].  Furthermore, after October 1, 1993, not all wages for personal labor or services of a head of family are completely exempt from garnishment.  CREWS, *supra* at 6-1(§6.27) (noting that prior to October 1, 1993, section 222.11 provided that all wages for personal labor or services of a head of family were completely exempt from garnishment).

Accordingly, the responsibility of claiming an exemption from garnishment is on the Defendant, and a garnishment plaintiff's mere knowledge of the garnishment defendant's potential ability to claim an exemption, does not make its pursuit of the garnishment the knowing pursuit of an illegitimate debt or the knowing assertion of a right that does not exist.

In conclusion, the Plaintiff has baldly recited the elements of a cause of action under the FCCPA, and has not identified sufficient facts to assert a cause of action.  Accordingly, it is hereby

**ORDERED AND ADJUGED** that Household Finance Corporation's Motion to Dismiss is **GRANTED** as to Counts I & III, and **DENIED** as to the standing claim which has been cured by joinder of the Trustee in this action.

**DONE and ORDERED** in Tallahassee, Florida this ___15th___ day of June, 2009.

LEWIS M. KILLIAN, JR
United States Bankruptcy Judge

cc:  all parties in interest